Per Curiam.
The contract was not in the nature of a lease. Whether the lower farm was intended as the place of labor or not, the relation between these parties was merely that of master and servant. True, it is assumed by the contract that the defendant below should furnish a house; and so does every master agree to furnish a house, or house-room, which is the same thing, for his domestic servants. It does not follow that, *92 when he becomes dissatisfied and gives his servant warning to depart, and the latter refuses, that the master may not turn the servant away and remove his goods. To be sure, the master does this under the peril of paying damages for a breach of the contract with his servant, if he cannot show good grounds for dismissing him. But he is nota trespasser, whether he have good cause or not. Here the labor was to be on a salary of so much for the year. Suppose the plaintiff below had refused to work and held over the year ; could the defendant have distrained for rent, or sued for use and occupation 1 Or could the plaintiff have had ejectment for the ouster within the year ? Clearly neither ; and that shows there was no more a tenancy created, than there would be under any other retainer for a year’s service. The mistake lies in the form of action—in bringing trespass, and not assumpsit. The judgment must be reversed.
Judgment reversed.